# EXHIBIT J

# Christina D. Saler

**From:** Jacobsen, Allison [ajacobsen@velaw.com]
**Sent:** Tuesday, November 07, 2006 3:18 PM
**To:** George Croner
**Cc:** Christina D. Saler
**Subject:** RE: Penske v. LRF

George.

The earliest that Mr. Mendez, Mr. Weltman, and Mr. Mulligan can be available is Dec. 5-7. Mr. Mendez is not available on the morning of the 7th. Mr. Falk is also available on these days if you'd like to depose him in this time frame. Please get back to me with dates for Mr.
and Mrs. Penske and Tom Reed during the weeks of December 11 and December 18.

Regarding the motion to compel, my understanding is that the Penskes are refusing to produce documents based on a claim of privilege. Our position is that by bringing this lawsuit, they put their advisor documents at issue and waived the privilege. Unless the Penskes are willing to produce their entire file regarding the tax advice they received from these advisors, we need to file a motion to compel. We have a difference in opinion as to whether you can request your client file even after a representation has ended. We believe that the Penskes can contact KPMG or Sutherland Asbill, request their file like they did form Lewis Rice, and then produce the responsive documents. I understand you have a different view, so that is why we are planning to file a motion to compel.

Nevertheless, we will go ahead and schedule depositions so that we can continue to move forward under these tight time constraints. Let me know what dates are convenient for you, Mr. and Mrs. Penske, and Mr.
Reed in December--either the week of December 5-7 if you don't take the Lewis Rice depositions that week, or during the weeks of December 11 or
18 if you do plan to take the Lewis Rice depositions on December 5-7.

Thank you.

Allison
-----Original Message-----
From: George Croner [mailto:gcroner@kohnswift.com]
Sent: Tuesday, November 07, 2006 1:45 PM
To: Jacobsen, Allison
Cc: Christina D. Saler
Subject: RE: Penske v. LRF

Allison,

I am a bit perplexed by some parts of your recent email so I'll try and recapitulate our view of where we see discovery heading in the next few weeks.

1.  We have postponed the depositions of Mendez, Weltman, and Mulligan as promised but, as I mentioned in an earlier email, I would like to reschedule those depositions for the week of November 27th, which is actually the week following Thanksgiving. I also want to depose Falk on the merits but will wait to do that on another occasion. While I agree that it would be preferable to take the St. Louis depositions collectively, I really feel like 4 depositions of that level of detail are more than I want to take in one trip and I'd prefer the opportunity to depose Falk after having a chance to finish the others. So, please let me know if we can depose Mendez, Mulligan, and Weltman on Nov.
28-30. I pick those dates because I have another commitment on December 1st and I'd prefer not to travel on Sunday, Nov. 26th, since it's the Sunday after Thanksgiving and the airports will be a mess.

2.  We are prepared to get dates for you to depose the Penskes and Tom Reed but your email suggests you want to wait until you have "all the documents" to do so. If that is the case, it makes no sense for me to get you dates since I don't know when the documents will all be available. For example, we are working with Sutherland Asbill, Pepper Hamilton,

and Fitzpatrick Lentz to get documents together for production.  However, since these entities are only tangentially involved, at best, with the issues raised by the claims in this case, there are relevancy and privilege issues that must be addressed.  We are doing are best to work through these and make non-privileged, relevant documents available.

3.  Contrary to the suggestion in your email, we have made all of the Penskes' documents and those of Tom Reed available, and the folks from Hangley spent at least 2 days reviewing and tagging them, so it's not clear to me what a motion to compel would address with respect to these documents.

4.  As we mentioned in correspondence to the Hangley office, the Penskes do not have an ongoing relationship with KPMG so any interest defendant has in KPMG documents would have to be pursued by subpoena.  Thus, if KPMG documents are among those that you want to have available before deposing the Penskes or Tom Reed, I couldn't say when those depositions might be scheduled because we don't have any control over the production of those documents.

5.  As for defendant's documents, we would greatly appreciate Lewis, Rice producing, as promptly as possible, the work papers relating to the Penskes' tax opinion that your email acknowledges have been located.  It seems that these documents should have been produced some time ago so we look forward to receiving this supplemental production ASAP.  As to certain other documents mentioned in your email, it is unclear to me what you mean when you say that there are documents "within other clients' files" where the client hasn't waived the attorney-client privilege.  Does this mean that Lewis, Rice has the files or the client does?  I suspect the former and, if so, our position is that there is no requirement to obtain a waiver because the information we have requested is not privileged.  If there is any privileged information within these documents, it can certainly be redacted, but our document requests and interrogatories seek only information about former client that is not protected by the attorney-client privilege.  However, I suspect what you actually are saying is that Lewis, Rice disagrees with our interpretation of the scope of the privilege.  If so, we have directly raised that issue in our motion and it will be resolved by the Court.

6.  As I have repeatedly stressed to your Hangley colleagues, however, I am not interested in waiting for the resolution of these document issues to commence depositions.  I certainly want the supplemental production mentioned in your email completed ASAP but I want to move forward with depositions promptly.  If defendant ultimately produces additional documents either as a result of our motion or otherwise, we will figure out how to handle these materials in the context of the depositions.  I think it is overly optimistic to assume that the discovery motions will be resolved by the end of November and I am not sanguine about coaxing any further extensions of discovery from the Court, so I want to get the depositions rolling.

To summarize, we will supply proposed dates for the depositions of the Penskes and Tom Reed if you confirm that you are willing to go forward without the "advisor" documents mentioned in your emai but, if not, we see little point in supplying hypothetical dates now.  Conversely, I want to proceed with the Lewis, Rice depositions I've discussed herein during that last week in November so please confirm your availability for those dates.

I'm traveling for the balance of the week but will have access to email and voicemail so I look forward to hearing from you.

George

***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.

```
-----Original Message-----
From: Jacobsen, Allison [mailto:ajacobsen@velaw.com]
Sent: Sunday, November 05, 2006 12:08 PM
To: George Croner
Subject: Re: Penske v. LRF
```

Good morning George.

Thank you for withdrawing the notices for November 14-15. I will check on the availability of Mr. Mendez, Mr. Mulligan, and Mr. Weltman. As we previously requested, we would like to depose Mr. and Mrs. Penske, and Mr. Reed. Will you please check on their availability?

I agree that the new scheduling order is still rather tight. I have a couple of proposals about that, which I hope you will consider and find reasonable.

The first is that I note you have a motion to compel pending. We are preparing a response and will need a court order before we can produce these additional documents, because they entirely are within other clients' files and those other clients have refused to waive the privilege. I have asked to search our files electronically for any work papers relating to our opinion provided to the Penskes and hope to supplement our production with those documents soon. As I said, the rest of the documents are in other clients' files.

We also need to file a motion to compel documents from KPMG, Sutherland Asbill, Tom Reed, and the Penskes' other advisors on these tax issues. I understand that Shara has discussed this with Christina, and Plaintiffs refuse to produce these documents on a claim of proivilege. We tried to subpoena them directly from these entities, and were told they could not be obtained without a waiver of the privilege from the Penskes. We are preparing a motion and will file it shortly.  If you would like to confer further on this issue, please let me know. My understanding from Shara was that we had come to a point where we needed to consult the Court.

I believe that it makes sense to get these document issues resolved by the Court before beginning with depositions. I think it more efficient that way. Also, I doubt either of us will want to reconvene depositions if the Court orders that we must produce additional documents.

So, my first proposal is that we look for dates in early December for all of these depositions, because then (hopefully) we will have the document disputes behind us and the record will be clear for moving forward.

My second proposal is more logistical. Perhaps we can take the St. Louis depositions together over several consecutive days to minimize travel? I think that makes sense, but it may make it very difficult to get everyone scheduled right before Thanksgiving, so again, would it make more sense to you if I look in December for dates?

Let me know your thoughts about progressing with this schedule, and please let me know about available dates for the Penskes and Mr. Reed.
Once you let me know about your thoughts on these proposals for moving forward, I will also check on dates for the depositions you have requested.

I will be in all week next week to discuss further.  Enjoy the rest of your weekend.

Allison


```
----- Original Message -----
From: George Croner <gcroner@kohnswift.com>
To: Jacobsen, Allison
Cc: Christina D. Saler <cdsaler@kohnswift.com>
Sent: Sat Nov 04 22:20:26 2006
Subject: RE: Penske v. LRF
```

Allison,

We received our copy of the new schedule on Friday.  Per your request and our email exchange, I am agreeing to postpone the depositions of Mendez and Weltman scheduled in St.

Louis for November 14 and 15.
However, as I noted in my earlier email, even the new schedule remains tight and I am looking to reschedule those depositions, and perhaps Michael Mulligan's as well, for the week of November 27th.  Please confirm your availability for depositions during that week.

Thanks.


***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any dissemination, distribution, or copying of this communication is prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.

_____


From: Jacobsen, Allison [mailto:ajacobsen@velaw.com]
Sent: Thu 11/2/2006 4:20 PM
To: George Croner
Subject: RE: Penske v. LRF


George,

I just received this.  Thank you for the notice.  When we get the order in and have a sense of the schedule, I will call you to discuss.

Thanks again,

Allison

_____


From: George Croner [mailto:gcroner@kohnswift.com]
Sent: Thursday, November 02, 2006 2:28 PM
To: Jacobsen, Allison
Cc: Christina D. Saler
Subject: RE: Penske v. LRF


Allison,

I just spoke with Judge Green's law clerk who advised that an order will be forthcoming tomorrow or Monday embodying (either in its entirety or in all material respects) the proposed schedule we submitted with our September letter.  Although I won't "officially" postpone the depositions until that order is issued, you can proceed on the understanding that I am amenable to moving them to accommodate your schedule.

That being the said, even the "new" order does not infuse the schedule with an abundance of time, especially since it covers the Holiday period.  I propose to depose Messrs. Mendez, Falk, Mulligan, and Weltman at Lewis, Rice and I would like to try and get at least two of those depositions completed during the week of November 27th.  I propose to take Mendez and Weltman's depositions between Nov. 28 and 30.  If possible, I'd like to try and squeeze Mr.. Mulligan in during that week as well.  Please confirm that we can reschedule in St. Louis for those dates and deponents, and let me know what depositions and dates you have in mind.

George

***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client privileged and/or

4

confidential information intended for the use of the named recipient only. You are hereby
notified that any dissemination, distribution, or copying of this communication is
prohibited. If you have received this communication in error, please immediately notify
the sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.

---

From: Jacobsen, Allison [mailto:ajacobsen@velaw.com]
Sent: Thursday, November 02, 2006 12:36 PM
To: George Croner
Subject: RE: Penske v. LRF


George,

I understand the situation.  I will agree to the motion and hopefully we can get some
clarification from the Court.  Please let me know if I can be of further assistance.

---

From: George Croner [mailto:gcroner@kohnswift.com]
Sent: Thursday, November 02, 2006 11:21 AM
To: Jacobsen, Allison
Cc: Christina D. Saler
Subject: Penske v. LRF


Allison,

I have your letter regarding the scheduling of depositions.

I am not trying to be difficult here, although I must say that the
rationales advanced by your colleagues as the basis for compelling me to
withdraw properly issued deposition notices have left me a bit
perplexed.  However, changing the deposition dates to accommodate
individual scheduling issues is certainly something I can understand.
Here is the problem - as you know the Court has taken no action to
modify the existing schedule and I am acutely aware that, at present,
merits discovery is scheduled to close in this case on November 24th.
Now, both you and I agree that shouldn't happen - but the Court hasn't
joined us as yet.  I have placed another call to Chambers today to try
and get some further information but my last call didn't exactly get a
warm welcome.

At this point, absent any further read from the Court, I don't see how I
can postpone the depositions.  However, given the Court's silence, I was
thinking of filing a motion for a status conference.  Would defendant
join in such an effort to get a schedule in place so that we can all
make intelligent scheduling depositions?

Let me know at your earliest opportunity.

George W. Croner
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
215-238-1700
215-238-1968 (fax)
gcroner@kohnswift.com


***Privilege and Confidentiality Notice***

The information contained in this e-mail message is attorney-client
privileged and/or confidential information intended for the use of the
named recipient only. You are hereby notified that any dissemination,

distribution, or copying of this communication is prohibited. If you
have received this communication in error, please immediately notify the
sender by replying to this electronic e-mail or call us at 215-238-1700.
Thank you.


To the extent this communication contains any statement regarding
federal taxes, that statement was not written or intended to be used,
and it cannot be used, by any person (i) as a basis for avoiding federal
tax penalties that may be imposed on that person, or (ii) to promote,
market or recommend to another party any transaction or matter addressed
herein.


......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged.
This email is intended to be reviewed by only the individual or
organization named above. If you are not the intended recipient or an
authorized representative of the intended recipient, you are hereby
notified that any review, dissemination or copying of this email and its
attachments, if any, or the information contained herein is prohibited.
If you have received this email in error, please immediately notify the
sender by return email and delete this email from your system.

Thank You.